*1274
 
 PER CURIAM.
 

 |,We granted certiorari in this matter to determine whether the Court of Appeal, Third Circuit, erred in reversing the trial court’s judgment which sustained the defendants’ Exception of No Cause of Action and dismissed the plaintiffs’ claims and lawsuit with prejudice. For the reasons that follow, we reverse the court of appeal’s ruling and reinstate the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 On July 4, 2005, Joshua Paul Veroline (hereinafter referred to as “plaintiff’) and his sister Heather were spending time with friends at Toledo Bend Lake. Heather Veroline injured her knee when she was tossed into the air by a friend. Priority One received a call from the Sabine County’s Sheriffs Department and dispatched an ambulance to the scene of the accident. Joshua witnessed the emergency medical technicians (hereinafter referred to as “EMTs”) place her in the ambulance that was to bring her to the hospital. Joshua and two friends left for the hospital in Heather’s vehicle but stopped several times on the way. Soon after, the ambulance embarked to the hospital. At some point during the twenty mile trip to the hospital, the ambulance, with its lights on and traveling fast, passed Joshua, causing him to believe that Heather (who had recently been diagnosed with reactive airway disease and ^developed new allergies) had taken a turn for the worse. By the time Joshua reached the hospital, Heather had been taken to the emergency room. She died before he could see her alive.
 

 The plaintiffs filed a Petition for Damages on June 2, 2006, and it was amended several times. In the last amended petition, which was filed on February 7, 2007, Joshua alleges that he is entitled to damages for emotional distress as a result of the defendants’ negligent treatment of his sister while she was in their care in the ambulance. The defendants subsequently filed a pleading titled “Peremptory Exception of No Right of Action and No Cause of Action, Aternatively Motion for Summary Judgment.” A hearing was held on the defendants’ exception on February 7, 2008, and the judgment was signed on March 27, 2008.
 

 The trial court sustained the defendants’ Exception of No Cause of Action and dismissed the plaintiffs’ claims and lawsuit with prejudice, though it did not address the defendants’ Motion for Summary Judgment. The trial court reviewed the elements of a bystander claim as set out in
 
 Lejeune v. Rayne Branch Hospital,
 
 556 So.2d 559 (La.1990), stating that Joshua must meet those elements to have a cause of action under La. Civ.Code art. 2315.6.
 
 [1]
 
 
 *1275
 
 According to
 
 Lejeune,
 
 1) the plaintiff must either view the accident or come upon the accident scene soon after it has | .¡occurred and before any substantial change has taken place in the victim’s condition; 2) the victim must have suffered such harm that it can be reasonably expected that someone in the plaintiffs position would suffer serious mental anguish; and 3) the emotional distress must be serious and reasonably foreseeable, meaning it goes beyond mental pain and anguish and is both severe and debilitating. The trial court specifically found that the plaintiff could not establish the first element of Article 2315.6 because he did not view the accident or come upon the scene soon after it occurred.
 

 The Court of Appeal, Third Circuit, reversed and remanded, stating that all well-pled allegations of fact found in the pleadings must be treated as true.
 
 Kuebler v. Martin,
 
 578 So.2d 113 (La.1991);
 
 Mayer v. Valentine Sugars, Inc.,
 
 444 So.2d 618 (La.1984). Finding persuasive the plaintiffs’ argument that Joshua observed the ambulance switch to emergency mode en route to the hospital, came upon the event
 
 [2]
 
 immediately after it happened, and observed the result (his deceased sister), the court of appeal explained that the trial court wrongly dismissed the petition for damages based on Joshua’s absence in the ambulance when the injury-causing event occurred. The court concluded that the plaintiffs do have a cause of action under La. Civ.Code art. 2315.6 because, as the petition alleges, Joshua arrived at the scene soon after the injury-causing event occurred.
 

 The defendants’ writ application to this court asserts that the court of appeal erred in reversing the decision of the trial court sustaining the defendants’ Exception of No Cause of Action and dismissing the claims and lawsuit with prejudice. The defendants argue that the trial court correctly granted their Exception of No Cause of Action because Joshua did not witness either the injury-causing event or arrive at the scene soon thereafter in the manner required to maintain a cause of action under La.J4Civ.C0de art. 2315.6. In addition, the defendants ask this court to grant their Motion for Summary Judgment, which was not addressed by the trial court, for the sake of judicial economy and because justice so requires on the undisputed facts.
 

 DISCUSSION
 

 The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition.
 
 Scheffler v. Adams and Reese, LLP,
 
 06-1774 (La.2/22/07), 950 So.2d 641. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.
 
 Scheffler,
 
 950 So.2d at 646. Thus, to determine whether the trial court erred in granting the defendants’ Exception of No Cause of Action, we must accept all facts alleged in the petition as true.
 

 La. Civ.Code art. 2315.6 requires, among other things, that the plaintiff either view the accident or come upon the accident scene soon after it has occurred and before any substantial change
 
 *1276
 
 has taken place in the victim’s condition. The trial court determined that the plaintiff did not satisfy this requirement because he could not establish that he viewed the accident or came upon the scene soon after it occurred. We agree. Although the court of appeal found that the plaintiff arrived at the scene immediately after the injury-causing event occurred, we find that the trial court correctly determined the plaintiff did not arrive “soon thereafter” in the sense that this court and the legislature intended. As noted by the trial court, this court in
 
 Trahan v.
 
 McManus
 
 [3]
 
 stated that the legislature’s purpose in enacting La. Civ.Code art. 2315.6 was “to compensate for the immediate shock of witnessing a traumatic event which caused the direct victim harm that is severe and apparent, but not to | ..compensate for the anguish and distress that normally accompany an injury to a loved one under all circumstances.”
 

 Although the court of appeal found that the plaintiff arrived at the scene immediately after the injury-causing event occurred, accepting the plaintiffs’ facts alleged as true, we do not find that the plaintiff has satisfied the temporal proximity requirement of La. Civ.Code art. 2315.6. The plaintiff in his petition states, “Joshua Paul Veroline went to the hospital immediately upon discovering that his sister had been transported there. Upon arriving, he suffered immediate pain and suffering as a result of viewing his deceased sister.” The plaintiff has not alleged that he suffered “immediate shock from witnessing a traumatic event which caused the direct victim harm that is severe and apparent.”
 
 [4]
 
 He did not actually view the event that caused his sister’s death, nor did he come upon the accident scene soon after it had occurred and before any substantial change had taken place in the victim’s condition, as required by Article 2315.6. At most, in seeing his deceased sister when he arrived at the hospital, the plaintiff endured “anguish and distress that normally accompanies an injury to a loved one under all circumstances.”
 
 [5]
 
 As explained by this court in
 
 Trahan,
 
 the legislature did not intend such scenarios to be encompassed by La. Civ. Code art. 2315.6
 
 [6]
 

 Consequently, we find the court of appeal was in error, as the plaintiff has not satisfied the first prong of La. Civ.Code art. 2315.6, and therefore, the trial court did not err in granting the defendants’ Exception of No Cause of Action and dismissing the claims and lawsuit with prejudice.
 
 [7]
 

 | .DECREE
 

 For all of the foregoing reasons, we find that the Court of Appeal, Third Circuit, erred in reversing the judgment of the trial court sustaining the defendants’ Exception of No Cause of Action and dismissing the plaintiffs’ claims and lawsuit with prejudice. Accordingly, we grant the defendant’s writ application, reverse the court of appeal’s decision, and reinstate the trial court’s judgment.
 

 
 *1277
 
 WRIT GRANTED. REVERSED. JUDGEMENT OF TRIAL COURT REINSTATED.
 

 [1]
 

 . The principles stated in
 
 Lejeune
 
 were codified in La. Civ.Code art. 2315.6, which provides in pertinent part:
 

 A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
 

 [[Image here]]
 

 (3) The brothers and sisters of the injured person or any of them.
 

 [[Image here]]
 

 B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or
 
 *1275
 
 emotional distress must be severe, debilitating, and foreseeable.
 

 [2]
 

 . The “event,” as discussed by the court of appeal here, is the event that occurred in the ambulance that caused Heather's death and not the knee injury.
 

 [3]
 

 . 728 So.2d 1273, (La.1999)
 

 [4]
 

 . See
 
 Trahan,
 
 728 So.2d 1273 (La.1999)
 

 [5]
 

 .
 
 Id.
 

 [6]
 

 .
 
 Id.
 

 [7]
 

 . The defendants also contend that the trial court should have granted their Motion for Summary Judgment. The defendants filed a "Peremptory Exception of No Right of Action and No Cause of Action, Alternatively Motion for Summary Judgment.” We find that because the trial court correctly granted the defendants’ Exception of No Cause of Action, a ruling on defendants' Motion for Summary Judgment would be moot.