# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 12-31226
Summary Calendar

Lyle W. Cayce
Clerk

PAULETTE MARIE DAMOND, individually and, on behalf of Shane
Damond; BRIDGET MARIE DAMOND AGUILLARD, individually and, on
behalf of Shane Damond; STEPHANIE DAMOND MALVEAUX,
individually and, on behalf of Shane Damond; JASON CHARLES DAMOND,
individually and, on behalf of Shane Damond; COREY JAMES DAMOND,
individually and, on behalf of Shane Damond; LAKISHA ANN DAMOND,
individually and, on behalf of Shane Damond; NICOLE M. DAMOND,
individually and, on behalf of Shane Damond,

Plaintiffs - Appellants

v.

JIM CRAFT; MICHAEL ANTHONY MILLAZO; LAFAYETTE CITY
PARISH CONSOLIDATED GOVERNMENT,

Defendants - Appellees

Appeal from the United States District Court
for Western District of Louisiana
USDC No. 6:09-CV-01236

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

No. 12-31226

Seven siblings of decedent Shane Damond ("the Siblings") appeal the district court's grant of summary judgment and dismissal of their claim under Louisiana's bystander recovery statute.[1]  Because the Siblings have not pled facts sufficient to prove an essential element of their claim, we AFFIRM.

## I. FACTUAL HISTORY

Officer Michael Anthony Milazzo[2] approached Shane Damond in a gas station parking lot, suspecting him of operating a stolen vehicle.  Although Milazzo and certain eyewitnesses present conflicting accounts of the ensuing interaction, it is undisputed that Milazzo fatally shot Damond.  Shortly thereafter, an ambulance transported Damond's body to the hospital.

None of the Siblings were at the gas station when Milazzo shot Damond, but all of them learned that Damond may have been shot.  Two of the Siblings went to the scene, but when they arrived Damond's body had already been transported to the hospital.  The Siblings proceeded to the hospital to get further information, but the officer at the hospital and the chief of police, Jim Craft, refused to tell the Siblings whether the individual who had been shot was Damond.  Consequently, none of the Siblings saw Damond's body or knew whether the deceased individual was, in fact, their brother until Damond's body was released to a funeral home nearly a week later.

The Siblings sued for emotional distress under Louisiana's bystander recovery statute, LA. CIV. CODE ANN. art. 2315.6 (2010).  The district court

---

[1]  The order from which this appeal was taken was entered in June of 2012.  We dismissed the original appeal from that order under Case No. 12-30704 because the June 2012 order left other parties in place and, therefore, was not a final order.  Thereafter, on November 7, 2012, the district court disposed of the remaining parties such that the June 2012 order became final.  This timely appeal followed.

[2]  The parties differ in their spelling of Milazzo's name.  Because Milazzo is a defendant, we adopt the Defendants' spelling.

2

No. 12-31226

granted the Defendants' motion for summary judgment and dismissed the Siblings' claims with prejudice.  The Siblings appealed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same standard as the district court.  *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 448 (5th Cir. 2007).  Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The evidence must be viewed in the light most favorable to the non-moving party.  *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).

## III.  DISCUSSION

Louisiana's bystander recovery statute allows certain family members, including siblings, "who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, [to] recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury."  LA. CIV. CODE ANN. art. 2315.6.  This statute is "intended to allow recovery of bystander damages to compensate for the immediate shock of witnessing a traumatic event which caused the direct victim immediate harm that is severe and apparent."  *Trahan v. McManus*, 728 So. 2d 1273, 1279 (La. 1999).  It is not intended to "compensate for the anguish and distress that normally accompany an injury to a loved one under all circumstances."  *Id.*

To that end, a bystander seeking recovery under this statute must view the injury-causing event or demonstrate a close temporal proximity between

the occurrence of the event and the bystander's arrival upon the scene. *See id.* (explaining that "[t]he requirement of temporal proximity has always been at the root of allowing recovery for emotional distress caused by an injury to another"); *see also Veroline v. Priority One EMS*, 18 So. 3d 1273, 1275-76 (La. 2009) (providing that a claimant who did not view the injury-causing event must "come upon the accident scene soon after it has occurred and before any substantial change has taken place in the victim's condition"). Importantly, this statute provides the sole means of such recovery in Louisiana. *See* LA. CIV. CODE ANN. art. 2315.6 ("Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article"); *Trahan*, 728 So. 2d at 1281.

The Siblings do not claim that they witnessed the shooting. Instead, relying on *Louviere v. Louviere,* 839 So. 2d 57, 73 (La. Ct. App. 2002), the Siblings seek to satisfy the temporal proximity requirement based on the anguish and uncertainty they experienced for nearly a week between the time of the shooting and confirmation of Damond's death. The court in *Louviere* affirmed damages under Article 2315.6 to family members of hostages when those family members had witnessed the hostage situation unfold from "mere yards away." *Id.* The *Louviere* plaintiffs experienced a deadly situation, in real-time, and their emotional distress resulted from their experience *at the scene* of an ongoing incident. *See id.* These circumstances fell within the ambit of Article 2315.6 because the harm complained of arose from a contemporaneous experience of "an event causing injury to another person." *See id.*

Here, in contrast, the Siblings' "prolonged anguish" caused by uncertainty over Damond's fate does not establish their physical, temporal proximity to Damond's shooting. Any decision not to release information about Damond's

identity or status does not qualify as an "injury-causing event [of] which the [Siblings were] contemporaneously aware [as having] caused harm to [Damond]." *See Trahan*, 728 So. 2d at 1280.  Although uncertainty as to their brother's condition no doubt caused the Siblings anguish and distress, they do not allege emotional distress based on a contemporaneous observation of the shooting, which is the legally relevant event ("as a result of the other person's [Damond's] injury") under the bystander statute.

Finally, the Siblings contend that Milazzo's shooting of Damond constitutes a negligent or intentional infliction of emotional distress.  The Siblings have waived this theory of relief, however, by raising it for the first time on appeal.  *See Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996).  Even if the Siblings had properly asserted the claim in the district court, a theory of relief based on negligent or intentional infliction of emotional distress is precluded by Article 2315.6, which, as noted above, provides the exclusive remedy for "mental anguish or emotional distress for injury to another" under Louisiana law.  *See*  LA. CIV. CODE ANN. art. 2315.6; *Trahan*, 728 So. 2d at 1281.

Accordingly, while no one disputes that the Siblings undoubtedly suffered emotional hardship due to the death of their brother,[3] they did not plead facts sufficient to prove an essential element of their claim under Louisiana's bystander statute.

AFFIRMED.

---

[3] Because Damond had surviving children, the Siblings do not assert a wrongful death or survival action claim.  *See* LA. CIV. CODE ANN. arts. 2315.1(A)(3) & 2315.2(A)(3).