PER CURIAM
The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Scheffler v. Adams and Reese, LLP , 06-1774 (La. 2/22/07), 950 So.2d 641. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Scheffler, 950 So.2d at 646. Thus, to determine whether the trial court erred in granting the defendants' Exception of No Cause of Action, we must accept all facts alleged in the petition as true. Veroline v. Priority One EMS , 09-1040 (La. 10/9/09), 18 So.3d 1273, 1275.
The CA noted that, in the supplemental and amending petition, with respect to defendant Brennan, applicants allege:
When payments received by Southland from Metro began to be returned from the bank as non-sufficient, Southland contacted Metro, through defendants , Frank Adolf and Brian Brennan, and requested they immediately cease accepting payments from Southland's customers. Those requests were ignored. Defendants , despite knowing that they had no authority to do so, continued to fraudulently collect Southland customer payments and failed to notify Southland that they were collecting customer payments on accounts never assigned to them and for which Metro had no authority to endorse. Defendants continued to submit checks to Southland that defendants knew were not backed by sufficient funds and would not be honored, thereby misrepresenting their value to Southland. Adolf and Brennan, acting through Metro, intentionally deceived and defrauded Southland through these worthless *442 checks and the continued unauthorized collection of payments owed to Southland .
* * * *
The scheme of intentional fraud by Frank J. Adolph and Brian Brennan , performed through Metro, makes them personally liable for the damages caused thereby and all amounts owed to third party creditors such as plaintiffs herein as well as attorneys' fees and punitive damages as permitted by law. (Emphasis added.)
Vince on Behalf of Southland Express, LLC v. Metro Rediscount Company, Inc. , 18-237 (La. App. 5 Cir. 11/14/18), 259 So.3d 1221 (unpublished opinion ).
The allegations of the petition are sufficient to assert a cause of action. As such, the ruling of the lower courts, sustaining the exception of no cause of action, is reversed. The exception of no cause of action is denied, and this matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
Guidry, J., recused.
Clark, J., and Crichton, J., would deny.