BYRON R. POYDRAS AND ALICIA R. POYDRAS, ET AL.

VERSUS

FIRST STUDENT, INC., ET AL.

C/W

BYRON R. POYDRAS AND ALICIA R. POYDRAS, ET AL

VERSUS

FIRST STUDENT, INC., ET AL

NO. 24-C-58  C/W 24-C-63

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

May 15, 2024

Susan Buchholz
Chief Deputy Clerk

IN RE FIRST STUDENT, INC. OLD REPUBLIC INSURANCE COMPANY, CHRISTOPHER ANDERSON, JASON THOMAS, AND IRA GREEN

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 846-852

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT GRANTED**

Relators, First Student, Inc., Old Republic Insurance Company, Christopher Anderson, Jason Thomas, and Ira Green (in writ application 24-C-58), along with Relator, Danny Moseley (in writ application 24-C-63), seek review of the 24th Judicial District Court's judgment overruling their peremptory exceptions of no cause of action. Collectively, Relators argue that the district court 1) "erroneously expanded the understanding of a cognizable bystander claim to include instances in which a family member merely arrives at the scene of an injury-causing event, but does not view the injured party or have a present-sense awareness of any harm done to that victim"; or 2) alternatively, erroneously expanded those claims to include "witnessed search and rescue efforts, none of which have been alleged to have caused injury to the victim". For the following reasons, we grant the writ disposition.

The petition states Mr. Poydras left his family home on one September 2022 morning and arrived at the First Student, Inc. facility "in a state of mental distress". Three First Student, Inc. employees, named defendants in this case, chased and

confronted Mr. Poydras, who had reportedly been tampering with a defendant's car bumper. Mr. Poydras got away from them and left First Student, Inc. property, but the employees remained in pursuit, following Mr. Poydras onto a neighboring business' property, until Mr. Poydras jumped into the Harvey Canal. Witnesses briefly observed Mr. Poydras "hanging off of the side of the boat" before he disappeared into the water and subsequently drowned. Mr. Poydras' family "came upon the scene shortly thereafter." Mr. Poydras' body was recovered the following evening. The immediate family of Myles Poydras (collectively "Plaintiffs") filed bystander claims under La. C.C. art. 2315.6, in addition to a survival action and wrongful death claims.

The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Veroline v. Priority One EMS,* 09-1040 (La. 10/9/09), 18 So.3d 1273, 1275. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The appellate court's *de novo* review of an exception of no cause of action is restricted to the plaintiff's petition and accepts the well-pleaded allegations as true. *Cosey on behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 17-364 (La. App. 4 Cir. 10/25/17), 316 So.3d 1173, 1176. Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. *Scheffler v. Adams & Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641, 646-47. Based solely on the face of the petition, the appellate court must determine whether the plaintiff is legally entitled to the relief sought. *Id.*

In addition to Plaintiffs and the direct victim having the requisite familial relationship, Plaintiffs must show:

> 1) [Plaintiffs] either view the accident or come upon the accident scene soon after it has occurred and before any substantial change has taken place in the victim's condition; 2) the victim must have suffered such harm that it can be reasonably expected that someone in the [Plaintiffs'] position would suffer serious mental anguish; and 3) the emotional distress must be serious and reasonably foreseeable, meaning it goes beyond mental pain and anguish and is both severe and debilitating.

*Veroline*, 18 So.3d at 1275, *citing Lejeune v. Rayne Branch Hospital,* 556 So.2d 559 (La. 1990); *Cosey*, *supra*.

Upon *de novo* review, we find that the petition does not adequately state a cause of action under La. C.C. art. 2315.6. In addition to the requirements listed above, a plaintiff must show that as he/she witnessed the injury-causing event, or the scene of the injury soon after, he/she were contemporaneously aware that the event had caused harm to the victim. *Cosey*, *supra*, *citing Trahan v. McManus*, 97-1224 (La. 3/2/99), 728 So.2d 1273, 1279. For a plaintiff to establish the temporal element required by La. C.C. art. 2315.6, some showing of "severe", or extraordinary, emotional injury and/or shock caused by a contemporaneous perception of a horrendous event's effect on the body of the direct victim is required. *See Veroline*, *supra*; *Ruttley v. Lee*, 99-1130 (La. App. 5 Cir. 5/17/00), 761 So.2d 777, 789-90, *writ denied,* 00-1781 (La. 9/22/00), 768 So.2d 1287; *Trahan*, 728 So.2d at 1279. The Louisiana Supreme Court has recognized that "the legislature's purpose in enacting La. C.C. art. 2315.6 was 'to compensate for the

immediate shock of witnessing a traumatic event which caused the direct victim harm that is severe and apparent, but not to compensate for the anguish and distress that normally accompany an injury to a loved one under all circumstances.'" *Veroline*, 18 So.3d at 1276.

The petition for damages does not allege facts which satisfy the temporal proximity requirement for Article 2315.6. Further, we find that Plaintiffs are not entitled to leave to amend their petition pursuant to La. C.C.P. art. 934, because they will not be able to allege facts to satisfy the temporal requirement. Plaintiffs admit that they did not witness the tortious acts - defendants' pursuit of Mr. Poydras with a pipe – while they were ongoing. Nor did they witness Mr. Poydras' act of jumping into the Harvey Canal and disappearance under the water. Rather, Plaintiffs argue that they arrived soon after and witnessed and engaged in search and recovery efforts. In *Cosey on Behalf of Hilliard v. Flight Acad. Of New Orleans, LLC*, 22-538 (La. App. 4 Cir. 1/18/23), 357 So.3d 445, 459-50, *writ denied*, 23-244 (La. 4/12/23), 359 So.3d 30, the Fourth Circuit recently recognized that events involving the search and rescue process do not satisfy Article 2315.6's temporal proximity requirement. Rather, the law governing bystander damages requires that the parties seeking recovery either view the "event causing injury to another person," or come upon the accident soon after before any substantial change has taken place to the victim's condition. La. C.C. art. 2315.6; *Veroline*, *supra*.

Accordingly, the writ application is granted. We reverse the trial court's judgment denying the exceptions of no cause of action, grant the exceptions of no cause of action filed by Relators, and dismiss Plaintiffs' claims against Relators for bystander damages pursuant to La. C.C. art. 2315.6, with prejudice.

Gretna, Louisiana, this 15th day of May, 2024.

**MEJ**
**JGG**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>05/15/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-C-58
### C/W 24-C-63

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Douglas R. Holmes (Respondent)          Caroline M. Murley (Relator)
                                        Paul J. Politz (Relator)
                                        Scott R. Huete (Respondent)

### MAILED

H. Price Ciolino (Respondent)     Victoria A. Andry (Relator)     Ron A. Austin (Respondent)
Attorney at Law                   Attorney at Law                 Bonita Wilson (Respondent)
1100 Poydras Street               1555 Poydras Street             Tiffany D. Davis (Respondent)
Suite 2300 Energy Centre          Suite 2000                      Attorney at Law
New Orleans, LA 70163             New Orleans, LA 70112           400 Manhattan Boulevard
                                                                  Harvey, LA 70058