SUSAN M. CHEHARDY, Chief Judge.
[2On appeal, Amanda Gaudet challenges the trial court’s ruling sustaining the Parish of Jefferson’s exception of no cause of action. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Because this case involves a ruling regarding a peremptory exception of no cause of action, we begin with the allegations of fact pled in the plaintiffs petition, accepting them as true for the purpose of ruling on the exception of no cause of action. State, Div. of Admin., Office of Facility Planning and Control v. Infinity Sur. Agency, L.L.C., 10-2264 (La.5/10/11), 63 So.3d 940, 941 (citing Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641).
On October 1, 2010, a number of softball games took place at LaSalle Playground on Airline Drive in Metairie, Louisiana. To conform to regulations regarding “base path” lengths for different age groups, the facility’s groundskeepers, who are employees of the Jefferson Parish Recreational Department, repositioned the bases between games.
| sAmanda Gaudet, appellant herein, was the first batter during her game. After she hit the ball, she ran toward first base but, before reaching the base, she tripped and fell. Ms. Gaudet alleges that she tripped over the “base plate,” which had been mistakenly left in the “base path” by the groundskeepers when they repositioned the bases before the game.
On September 30, 2011, Ms. Gaudet filed suit, seeking damages for her personal injuries, against (1) the Parish of Jefferson; (2) Jefferson Parish Parks and Recreation Department; and (3) Berkley Accident and Health, her supplemental accident insurer.[1] Plaintiffs petition specifically alleges that defendants were negligent for failing to maintain a safe and secure playing environment; for hiring employees that created a dangerous playing environment; and for failing to inspect and discover a dangerous condition on its property.
On April 12, 2012, the Parish of Jefferson filed an exception of no cause of action, asserting that Ms. Gaudet has no cause of action against the Parish of Jefferson, pursuant to La. R.S. 9:2795(E)(2)(a), which limits liability for injuries occurring on “any lands, ... which are owned, leased, or managed, as a public park by ... political subdivisions and which are used for recreational purposes.” Ms. Gaudet opposed the exception arguing that La. R.S. 9:2795 does not limit liability in this matter for three reasons: (1) LaSalle Playground is excluded as a “commercial recreational facility,” (2) the statute excludes “playground equipment ... which is defective,” and (3) the statute refers to defects in the land, not employee negligence. After a *693 hearing on the matter, the trial court granted the Parish of Jefferson’s exception of no cause of action. Ms. Gaudet is appealing that ruling.
|„LAW AND DISCUSSION
On appeal, Ms. Gaudet contends that the trial court erred in sustaining the Parish of Jefferson’s exception for two reasons: first, La. R.S. 9:2795 covers defects in land, not negligence of individuals; and, second, “defective playground equipment” is specifically excluded from immunity.
The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Veroline v. Priority One EMS, 09-1040 (La.10/9/09), 18 So.3d 1273, 1275. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts the well-pleaded allegations of fact as true. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
In Cleco Corp. v. Johnson, 01-0175 (La.9/18/01), 795 So.2d 302, 304, the Louisiana Supreme Court enunciated the standard for appellate review of the grant of an exception of no cause of action:
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition. (Citations omitted).
La. R.S. 9:2795 reads, in pertinent part:
A. As used in this Section:
(1) “Land” means urban or rural land, ... and machinery or equipment when attached to the realty.
(2) “Owner” means ... a lessee, occupant or person in control of the premises.
(3) “Recreational purposes” includes but is not limited to any of the following, or any combination thereof: ... summer and winter sports....
(4) “Charge” means the admission price or fee asked in return for permission to use lands.
(5) “Person” means individuals regardless of age.
1SB. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
[[Image here]]
(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.
*694 C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.
[[Image here]]
E. (2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.
(b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create a duty of care or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person responsible for security or supervision of park activities, except as provided in Sub-paragraph (E)(2)(d) of this Section.
(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.
(d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.
[[Image here]]
(Emphasis added).
,;In this matter, the Parish of Jefferson established, in its answer, that it managed the public park for recreational purposes. Although the recreational use statutes offer no guidance as to the definition of “public park,” the jurisprudence indicates that a park that is open to the public and provides accommodations for a variety of recreational activities is a “public park.” See, Webb v. Parish of St. Tammany, 06-849 (La.App. 1 Cir. 2/9/07), 959 So.2d 921, writ denied, 07-521 (La.4/27/07), 955 So.2d 695; Lambert v. State, 40,170 (La.App. 2 Cir. 9/30/05), 912 So.2d 426, 433, writ denied, 05-2310 (La.4/17/06), 926 So.2d 509 and writ denied, 05-2311 (La.4/17/06), 926 So.2d 509. Thus, the Parish of Jefferson established that it was entitled to immunity under La. R.S. 9:2795(E)(2)(a) in this matter.
Ms. Gaudet argues, however, that La. R.S. 9:2795(E)(2)(d) precludes immunity for the Parish in this case because the Parish’s employees were grossly negligent in failing to remove the “base plate” from the ground when they reconfigured the “base paths” immediately before the game. Gross negligence has been defined by our supreme court as “the want of even slight care and diligence. It is the want of that diligence, which even careless men are accustomed to exercise.” Lenard v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175, 180.
We agree that the limitation of liability in La. R.S. 9:2795(E)(2)(d) does not extend to “grossly negligent acts by an employee of the public entity.” Because Ms. Gaudet alleged in her petition that the Parish of Jefferson’s employees created a dangerous playing environment with their lack of *695 skill, the trial court erred in granting the Parish’s exception of no cause of action with respect to the negligence of its employees in reconfiguring the bases. Because we are reversing the trial court’s grant of the Parish of Jefferson’s exception of no cause of action, we |7pretermit discussion of Ms. Gaudet’s remaining issue and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. In response to the Parish of Jefferson’s dec-linatory exceptions, Ms. Gaudet filed an amending and supplemental petition dismissing "Jefferson Parish Parks and Recreation Department,” which is not a legal entity.