RANDY ALLEN GORDON AND DANA
GORDON

VERSUS

STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER
RECOVERY UNIT

NO. 23-CA-366

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 834-918, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

March 27, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Timothy S. Marcel

**JUDGMENT REVERSED;**
**REMANDED WITH INSTRUCTIONS**
    **SMC**
    **JJM**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RANDY GORDON AND DANA GORDON
    Shermin S. Khan

COUNSEL FOR DEFENDANT/APPELLEE,
STATE OF LOUISIANA, DIVISION OF ADMINISTRATION, OFFICE OF
COMMUNITY DEVELOPMENT - DISASTER RECOVERY UNIT ("OCD -
DRU")
    Mary C. Cali
    John C. Walsh
    William J. Wilson
    John C. Conine, Jr.
    Drew D. Lyons
    Hunter Farrar

**CHEHARDY, C.J.**

Plaintiffs-appellants, Randy and Dana Gordon, seek review of the trial court's judgment that sustained an exception of no cause of action asserted by the defendant, the State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unity (OCD), and dismissed the Gordons' lawsuit without giving them an opportunity to amend their petition. For the reasons that follow, we reverse the judgment sustaining the exception of no cause of action and remand to the trial court to permit the plaintiffs an opportunity to amend their petition within 30 days of the date of this opinion.

*Background and Procedural History*

On November 10, 2022, plaintiffs-appellants, Randy Allen Gordon and Dana Gordon, filed a Petition to Vacate and Set Aside Judgment, namely, a February 16, 2022 judgment entered in a separate lawsuit that awarded OCD $40,247.14 against the Gordons.[1] The Gordons' petition alleges that OCD obtained the 2022 judgment against them through fraud and ill practices pursuant to La. C.C.P. art. 2004.[2] Among numerous other allegations, the petition alleges: "The affidavits of Jeff Haley, the Chief Operating Officer of OCD – DRU and that of Mary Catherine Kali, the counsel of OCD – DRU, contain false information regarding the Grant File and compliance." Further, the petition states: "Because the Gordons sold the subject property on February 20, 2014 by an act of cash sale filed into the conveyance record at the Jefferson Parish Clerk of Court …, and OCD filed suit on September 16, 2019, more than five years after, this matter is

---

[1] The February 16, 2022 judgment, which was attached to plaintiffs' petition in the present case, ordered the Gordons to pay OCD $30,000 plus legal interest from the date of judicial demand, $5,000 in attorney's fees, and court costs. The lawsuit in which that judgment was obtained, *State v. Gordon*, also has an appeal pending in this Court in 23-CA-348.

[2] La. C.C.P. art 2004 provides:
   A. A final judgment obtained by fraud or ill practices may be annulled.
   B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
   C. The court may award reasonable attorneys fees incurred by the prevailing party in an action to annul a judgment on these grounds.

perempted pursuant to Louisiana Revised Statute 9:2772." The Gordons' petition also "reserve[s] their rights under collection practices in violation of under [sic] Unfair Debt Collection Practices Act (FDCPA)." Finally, the petition seeks damages for mental anguish and inconvenience, costs of all experts and inspection fees, attorney fees pursuant to La. C.C.P. art. 2004, loss of $40,247.14, and other damages to which they are entitled, such as penalties, attorney's fees, court costs, and interest.

Attached to their petition were numerous documents, including a copy of the February 16, 2022 judgment; copies of the Elevation Incentive Agreement and Final Award Acknowledgement Form that were signed by Randy and Dana Gordon on December 10, 2008; a copy of the Act of Cash Sale showing that the Gordons sold the property on February 20, 2014; copies of the April 2021 affidavits that were attached to OCD's motion for summary judgment, which the Gordons contend included false information; and a copy of an August 2, 2022 letter from counsel for OCD to Crescent Title, requesting a certified check in the amount of $40,247.14.

OCD filed peremptory and dilatory exceptions to the Gordons' petition, arguing that the February 16, 2022 judgment cannot be annulled because it has been satisfied, and the mortgage against the Gordons was released. OCD further contended that the only cause of action that the Gordons raised in their petition was for an annulment of the judgment under La. C.C.P. art. 2004, and that a nullity action cannot be used to assert defenses that should have been asserted in opposition to the motion for summary judgment or on appeal of that judgment, but the Gordons did not appeal that judgment. OCD asserts that La. C.C.P. art. 2004 is not a substitute for an appeal. Finally, OCD argued that the Gordons have not asserted any factual allegations that would entitle them to the "damages" they request.

LAW AND ANALYSIS

When an exception of no cause of action is granted, we review the trial court's judgment under a de novo standard of review because the exception raises a question of law, and the lower court's decision is based only on the sufficiency of the petition. *Gaudet v. Jefferson Parish*, 12-707 (La. App. 5 Cir. 3/27/13), 116 So.3d 691, 693 (citing *Cleco Corp. v. Johnson*, 01-175 (La. 9/18/01), 795 So.2d 302, 304). The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. *Veroline v. Priority One EMS,* 09-1040 (La. 10/9/09), 18 So.3d 1273, 1275. The exception is triable on the face of the petition and any attached documents and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *I E C I, LLC v. South Central Planning & Dev. Comm'n, Inc.*, 21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 611.

No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *I E C I, LLC v. South Central Planning & Dev. Comm'n, Inc.*, 21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 611. Consequently, the court reviews the petition and accepts the well-pleaded allegations of fact as true. *Gaudet*, 116 So.3d at 693 (citing *Ramey v. DeCaire,* 03-1299 (La.3/19/04), 869 So.2d 114, 118).

While we make no findings whether the Gordons ultimately may succeed in their nullity action, or in any other cause of action that they may assert against OCD, upon considering the allegations in the light most favorable to plaintiffs, we find the trial court erred in granting the exception of no cause of action. The petition alleges that the evidence attached to OCD's motion for summary judgment

contained false information. That OCD may have one or more defenses to these assertions does not constitute a basis for sustaining the exception, where well pled facts must be accepted as true for purposes of evaluating the exception.

Furthermore, upon sustaining OCD's exception of no cause of action, the trial court should have given the Gordons an opportunity to amend their petition to enunciate sufficient relevant facts to support their allegations of fraud or ill practices, and/or to include any additional causes of action. La. C.C.P. art. 934 states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delays allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The trial court erred in concluding that there was no basis upon which the grounds for OCD's objection could be removed. Accordingly, we grant the Gordons 30 days from the date of this opinion to amend their petition in the trial court.

DECREE

The judgment granting the exception of no cause of action is reversed, and the matter is remanded to the trial court with instructions to allow plaintiffs an opportunity to amend their petition within 30 days of the date of this opinion.

**JUDGMENT REVERSED;
REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-366

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
SHERMIN S. KHAN (APPELLANT)     DREW D. LYONS (APPELLEE)          MARY C. CALI (APPELLEE)
WILLIAM J. WILSON (APPELLEE)

**MAILED**
HUNTER FARRAR (APPELLEE)
JOHN C. CONINE, JR. (APPELLEE)
JOHN C. WALSH (APPELLEE)
ATTORNEYS AT LAW
POST OFFICE DRAWER 4425
BATON ROUGE, LA 70821